TREWOLLA *v.* GARRETT.

(In Banc. Nov. 25, 1946.)

[27 So. (2d) 887. No. 36225.]

**J. W. Conger,** of Winona, for appellant.

**Means Johnston,** of Greenwood, for appellee.

Argued orally by **J. W. Conger**, for appellant.

**McGehee, J.**, delivered the opinion of the court.

The appellant, W. D. Trewolla, an undertaker, brought this suit to recover the sum of $163.72, together with the legal rate of interest thereon from March 11, 1943, as an expense and damage caused by the appellee, Barthall Garrett, to the Packard ambulance or hearse of the appellant as a result of a collision on the public highway.

The trial court overruled the plaintiff's request for a directed verdict in his favor and granted an instruction to the defendant on the alleged contributory negligence of the plaintiff. This is all assigned as error since the trial resulted in a verdict for the sum of only $50 in favor of the plaintiff.

The proof discloses that while the plaintiff was going north on U. S. paved Highway 51, and driving at a proper rate of speed, the defendant approached the highway from the east on a side road, brought his automobile to a stop as he approached the pavement and then in a grossly negligent manner drove onto the pavement and collided with the ambulance or hearse of the plaintiff, due to the

fact that the glass in the window of his automobile was so covered with ice, snow and sleet that he failed to see the approaching ambulance to his left on the paved highway. He could only see to the west, straight ahead of him, through a small place from which he had scraped off the ice, snow and sleet on his windshield.

It is contended by the defendant that since the plaintiff could have seen the automobile approaching the highway, and failed to do so, he was guilty of contributory negligence in failing to keep a constant lookout as he approached the scene of the accident. However, if he had been looking at the automobile as it was approaching the paved highway, he would have seen what his companion in the ambulance or hearse saw and what the defendant admitted to be the fact, that the automobile then stopped and he would have been entitled to proceed up the paved highway. And since it is undisputed that the plaintiff sounded the horn on his ambulance or hearse within three hundred feet of the scene of the accident, he would have been entitled to assume if he had seen the automobile that it would remain stopped until he could pass.

In other words, it clearly appears from all the physical facts and circumstances, including the damage to the right front side of the ambulance or hearse, that the sole proximate cause of the accident was the fact that the defendant again started his automobile at the edge of the paved highway and drove into the side of the ambulance or hearse as it was passing in front of him. The defendant's version as to how the cars collided by the right end of the bumper of the ambulance striking the center of the bumper of the automobile while the latter was turning south, is wholly inconsistent with the physical facts as to the damage sustained by the ambulance or hearse If the defendant had brought the suit, then no judgment in his favor could be permitted to stand on account of the alleged negligence of the driver of the ambulance under the facts of this record. Of course, this fact alone may not necessarily be conclusive of the question here involved.

As to the proof of the damages the greater portion of the itemized repair bill was for parts which had to be supplied, the cost of the labor being only $24.50. The plaintiff carried the ambulance or hearse to the place suggested by the defendant to be repaired, and he testified that "I was there when he dis-assembled the car and saw the broken and bent parts," and further that the repairs were "for that particular wreck, yes, sir." And also that the same was necessary to repair the injuries done. It is true that the plaintiff admitted on cross examination that he was going by what the mechanic told him as to the cost of these parts and for the labor in making the repairs, but his testimony in that regard was not objected to, and was, therefore, competent under the decision of Citizens Bank v. Miller, 194 Miss. 557, 11 So. (2d) 457. Moreover, there was no substantial dispute as to the correctness of the charges for the said repairs, the defendant having testified that he did not examine the ambulance or hearse to ascertain the extent of the damage, but merely stated that he just walked around and looked at it to the extent that he saw the damage to the fender and hubcap and agreed to pay for that particular damage; that he did not agree to pay all the damage.

We are, therefore, of the opinion that the plaintiff was entitled to a directed verdict for the amount sued for, on the basis stated in the first paragraph of this opinion, and a judgment will be rendered here accordingly.

Reversed and judgment here for appellant.

**Sydney Smith, C. J.,** did not participate in this decision.