## WELLS *v.* BENNETT

No. 40261 November 5, 1956 90 So. 2d 199

*Gore & Gore, J. R. Brannon,* Jackson, for appellant.

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellee.

HALL, J.

This is a suit for personal injuries alleged to have been sustained by the appellant as the result of an automobile collision between his automobile, driven by him, and an automobile of the appellee, driven by him. The case was submitted to a jury which returned a verdict in favor of the appellee. The appellant contends that under the undisputed proof he was entitled to a peremptory instruction on the question of liability, and we have reached the conclusion that this contention is correct.

The accident occurred at the place where Ford Avenue in the City of Jackson comes into West Capitol Street. Capitol Street runs approximately east and west and Ford Avenue runs approximately north and south and terminates at its intersection with West Capitol Street. There is a stop sign at the place where Ford Avenue enenters West Capitol Street. Under the provisions of Section 8197, Code 1942, West Capitol Street is a through highway and it was the duty of a driver on Ford Avenue to stop in obedience to the stop sign aforesaid and to yield the right of way to a vehicle on West Capitol Street which was within the intersection or approaching so closely as to constitute an immediate hazard.

The appellant was traveling east on West Capitol Street at about 7:30 A. M. on April 28, 1954, and the appellee was traveling south on Ford Avenue at the same time and upon reaching the intersection he stopped in obedience to the sign and waited for a truck which was traveling west on Capitol Street. This truck turned into Ford Avenue. According to the testimony of appellee he saw the appellant's automobile traveling east on Capitol Street at a rate of speed ''close to forty miles an hour,'' and at that time the Wells automobile was about one hundred yards away. The appellee swore that he did not look any further at the Wells automobile but put his automobile in low gear and drove into Capitol Street without changing the gears. His car had a standard gearshift

and he swore that without looking he proceeded in low gear across the north half of West Capitol Street at such a rate of speed that he could have stopped almost instantly. He crossed over the center of Capitol Street and struck the appellant's car in the side without ever having looked again to see how near the appellant's car had approached into this intersection. In fact he said that he never saw the Wells' automobile after his original view of it approaching until the collision. The exact width of Capitol Street at that point is not shown by the record but all are agreed that it is wide enough to carry four lanes of traffic.

 █ The aforesaid Section 8197 is a part of Chapter 200 of the Laws of 1938, and we had occasion to construe this section in the case of Avent v. Tucker, 188 Miss. 207 (221), 194 So. 596. We there said: "It seems to be the idea of the writers of the briefs filed on behalf of the appellant in this case that the driver of an automobile having stopped at the intersection at the stop sign—here 49 feet from the intersection—has discharged his full duty to himself from suicide and to the traveling public on a through highway. We want to emphatically state that no opinion of this court has ever absolved the driver of a motor vehicle from exercising care and diligence when proceeding upon a crossing which is much traveled, and at which people are known to travel at a high rate of speed, and if there were no statute in force in this state, common sense would dictate that no driver of an automobile should enter upon an intersection of a much-traveled highway without first ascertaining before it is too late as to the safety of the venture."

 █ We think that under the appellee's own admissions he was guilty of negligence in proceeding into Capitol Street without continuing to look for the hazard of appellant's approaching automobile. He had ample opportunity to look and drove blindly across the street and into the side of appellant's car. Under the circumstances

admitted by the appellee, we think that the appellant was entitled to the peremptory instruction which he requested on the issue of liability. The appellant may have been guilty of contributory negligence and that would be an issue for the jury and, after the jury found him guilty of contributory negligence, it would only diminish the amount of damages to be awarded to him.

Other errors are assigned by the appellant but in view of the conclusion which we have reached it is unnecessary for us to discuss them in this opinion. The judgment of the lower court is reversed and the case is remanded to the lower court for a new trial on the question of damages only.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.