## WELLS *v.* BENNETT

No. 40655          February 10, 1958          100 So. 2d 344

*Gore & Gore, Creekmore & Beachman,* Jackson, for appellant.

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellee.

McGEHEE, C. J.

This is the second appearance of this cause on appeal. The decision on the first appeal is reported in 90 So. 2d

199, 229 Miss. 135. The appellee Lloyd C. Bennett was sued by the appellant W. B. Wells for damages to his car and for personal injuries, resulting from a collision of the appellee's car with that of the appellant in the south lane of West Capitol Street after Bennett had entered the street going south from Ford Avenue in Jackson, Mississippi.

The appellee Bennett testified that when he had entered into the north lane of West Capitol Street he came to a stop about two or three feet from the intersection of Ford Avenue with West Capitol Street and that while his car was thus stopped he saw the appellant Wells' car coming from the west and traveling east on West Capitol Street toward town, and at a time when the appellant Wells' car was about one hundred yards away; that the Wells' car was traveling approximately forty miles an hour when he saw it approaching; that he waited for another car which was traveling west on West Capitol Street to enter Ford Avenue; that he, Bennett, proceeded to cross the center line of West Capitol Street without looking again toward the west at the Wells' car; and that he crossed the center line of West Capitol Street, where the proof shows that he struck the Wells' car on its left side on the south of the center line.

Wells testified that he traveled on east, at or near the intersection of Ford Avenue with West Capitol Street. He was following another car which was traveling with some difficulty and he said that he did not see the Bennett car until it struck him on his side of West Capitol Street. Mrs. Wells corroborated her husband in that behalf.

The repair bill on the Wells car amounted to $228.24. He sustained a personal injury to his head by striking his car and being thrown over onto Mrs. Wells who was seated at his right, sustained an injury to his ear which caused the loss of his hearing in that ear, sustained an injury to his neck, left shoulder and arm, and also sus-

tained a permanent injury to his back. He was corroborated as to the extent of his injuries by the testimony of Dr. Largason who attended him continuously for a period of sixty days and from time to time up to the date of the second trial. He was also corroborated as to the injury to his ear by Dr. W. H. Hall, an eye, ear, nose and throat specialist.

In the opinion on the former appeal it was stated: "We think that under the appellee's own admission he was guilty of negligence in proceeding into Capitol Street without continuing to look for the hazard of appellant's approaching automobile. He had ample opportunity to look and drove blindly across the street and into the side of appellant's car. Under the circumstances admitted by the appellee, we think that the appellant was entitled to the peremptory instruction which he requested on the issue of liability. The appellant may have been guilty of contributory negligence and that would be an issue for the jury and, after the jury found him guilty of contributory negligence, it would only diminish the amount of damages to be awarded to him."

The opinion continued by further stating: "The judgment of the lower court is reversed and the case is remanded to the lower court for a new trial on the question of damages only."

On remand the trial court again submitted to the jury the testimony as to appellee's negligence, and also the question of whether or not the appellant was guilty of contributory negligence. The jury on the first trial had rendered a verdict for the defendant, and on the second trial the jury rendered a verdict for the plaintiff in the sum of $2,426, which we think was wholly inadequate unless the defendant was entitled to have the damages mitigated by reason of the alleged contributory negligence of the appellant.

Thereupon the appellant, who was plaintiff in the trial court, prosecuted the instant appeal, assigning several

alleged errors, among which was the action of the trial court in overruling the plaintiff's motion for a new trial, for the reasons set forth therein. In the motion for a new trial the plaintiff contended that "the damages awarded the plaintiff by the jury are so wholly inadequate, and the amount thereof is so inadequate as to indicate passion and prejudice on the part of the jury." Another ground assigned is that the court erred in submitting to the jury the issue of the plaintiff's contributory negligence, for the reason that such defense had neither been alleged nor proven.

The defendant's answer to the declaration alleged, among other things, "That plaintiff, as aforesaid, was operating his car in a careless and negligent manner at an excessive rate of speed and did not have same under proper control under all of the existing circumstances, and such negligent and careless operation on the part of plaintiff not only contributed to but was the only proximate cause of the collision between the two vehicles."

▮▮ Assuming for the purposes of this decision that the defendant's answer alleged facts that if proven would constitute contributory negligence, even though he did not characterize the averments of the answer as a plea of contributory negligence, we are of the opinion that the defendant failed to meet the burden of proof as to this affirmative defense, and that the damages sustained by the plaintiff should not have been mitigated on account of this alleged contributory negligence.

The plaintiff Wells was driving on his side of West Capitol Street going east when his car was negligently struck by the defendant Bennett's car, due to the fact that Bennett's car crossed over the center line and into the south lane of the highway after he had seen the Wells car approaching at a distance of about one hundred yards away and at a time when Bennett had not looked again toward the Wells car, after having first seen it approaching from the west under circumstances that disclosed

that there was an immediate hazard when the defendant undertook to cross the center line into the south lane of West Capitol Street without looking again to ascertain the proximity of the Wells car.

On the former trial the defendant testified that the Wells car struck the defendant's car, whereas on the second trial he admitted having crossed over the center line and striking the plaintiff's car. Moreover, it was error to have granted an instruction to the defendant telling the jury that: "The court charges you in this instruction that Mr. Wells, the plaintiff himself, did not have the right to proceed blindly on Capitol Street at the point where Ford Avenue intersects Capitol Street * * * just because he happened to be on Capitol Street, and if you believe from the evidence in this case that Mr. Wells was driving his automobile at the time he approached the intersection at a rate of speed in excess of that which was reasonable and proper under the circumstances * * *''. There is no proof in the record that the plaintiff proceeded blindly on Capitol Street at an excessive rate of speed. The proof shows that the plaintiff Wells was where he had a right to be at the time of the collision, and that he was driving at a reasonable and proper rate of speed at that point on West Capitol Street, and the proof further shows that the proximate cause of the collision was the failure of the defendant Bennett to ascertain, by looking to the west again, before the collision occurred, after he, the defendant, had first seen the Wells car approaching at the reasonable rate of speed at which Mr. Wells was driving his car.

The instruction hereinbefore referred to had the effect of peremptorily charging the jury that the plaintiff did proceed blindly along Capitol Street at the point where Ford Avenue intersects the same. The instruction is also argumentative and confusing, and the case must be reversed and remanded. If the testimony upon a new trial discloses the same facts and circumstances testified

to by both the plaintiff and the defendant, the case should be submitted on the question of damages only, and on the basis of the defendant's negligence alone since the proof on behalf of the defendant is not sufficient to sustain his claim of contributory negligence on the part of the plaintiff, assuming that sufficient allegations are made in the answer of the defendant to constitute a plea of contributory negligence.

Reversed and remanded.

*Hall, Lee, Kyle* and *Holmes, JJ.*, concur.