300 So.2d 913 (1974)
George BUFORD, Jr., et al.
v.
Linda HORNE and Billy Joe Knight.
No. 47710.
Supreme Court of Mississippi.
September 30, 1974.
Rehearing Denied October 21, 1974.
*914 Abe A. Rotwein, Jackson, for appellants.
Satterfield, Shell, Williams & Buford, Cary E. Bufkin, Michael S. Allred, Jackson, for appellee.
SUGG, Justice:
This is an appeal from the Circuit Court of the First Judicial District of Hinds County from a jury verdict in favor of defendant, Linda Horne.
George Buford, Jr., Elizabeth Ann Buford, John Wayne Buford and Daniel Dean Buford, minors, brought an action by their next friend against Linda Horne and Billy Joe Knight for the death of their father, George B. Buford. Knight was dismissed by the court on the theory that he was only a passenger in the Horne automobile and the driver, Linda Horne, was not his agent.
At about 6:30 a.m. on November 18, 1971, George Buford was operating a motor vehicle on U.S. Highway No. 80 in Rankin County, Mississippi driving east along the highway. At the place where the collision occurred, Highway 80 is a divided four lane highway with two lanes for east bound traffic and two lanes for west bound traffic. In the center of the highway, there is a neutral zone separating the east and west bound traffic lanes. The neutral zone is not used for vehicular traffic but has openings at intervals to permit vehicles to cross from one traffic lane to the other. Defendant and Billy Joe Knight were in defendant's automobile, and departed from a private drive at a service station on the south side of Highway 80, intending to cross the two east bound lanes of traffic, and turn west on the highway after passing through the neutral zone.
Defendant testified that she stopped before entering the highway, looked to the left, saw Buford's vehicle about 180 yards away, looked to the right and pulled into the highway about 4 feet, and then looked to the left again and at this time the Buford vehicle was, in the words of the witness, "right on me." She stopped her vehicle, put it in reverse and was moving backwards at the time of the collision.
Defendant stated that she realized the danger of the Buford vehicle approaching in these words: "Well, I noticed the danger of my crossing the island when it was on the bridge." Her passenger, Knight, stated that he called her attention to the approaching Buford vehicle, but defendant stated that she had time to cross the highway. Knight also stated that defendant's automobile completely blocked the outside or south lane of the east bound lanes.
The accident occurred in the north or inside lane of the two east bound lanes of traffic, and according to Knight and defendant, Buford changed lanes of traffic before the collision from the outside lane to the inside lane. The right front fender of the vehicle driven by Buford hit the left front fender of the vehicle driven by defendant. After the collision, Buford's vehicle overturned in the west bound lane of traffic and burned, causing the death of Buford.
Plaintiffs contend they were entitled to the peremptory instruction which they requested on the question of liability. We have reached the conclusion that this contention is correct under the undisputed facts based on the holding of this Court in Campbell v. Schmidt, 195 So.2d 87 (Miss. 1967) and Wells v. Bennett, 229 Miss. 135, 90 So.2d 199 (1956).
The defendant contends that the question of her negligence was properly submitted to the jury under Baxter v. Rounsaville, 193 So.2d 735 (Miss. 1967). We do not agree because the facts in this case are distinguishable from the facts in Baxter. Rounsaville, defendant in the Baxter case, was backing his automobile into a highway from a private drive where visibility was limited to about 150 feet in the direction from which Baxter was approaching. Rounsaville stated that he first saw Baxter's automobile when it was 15 feet away from him and was skidding toward him at *915 approximately 70 miles per hour. In the case at bar, the defendant saw the Buford vehicle 180 yards away, but, nevertheless, entered the highway without ascertaining if such entry could be made safely. The facts in this case make the holding of this Court in Wells and Campbell, supra, applicable.
In the Wells case, Wells sued Bennett for personal injuries and appealed from a jury verdict in favor of Bennett. Wells was traveling east on West Capitol Street and Bennett was traveling south on Ford Avenue at the same time. When Bennett reached the intersection, he stopped in obedience to the sign and waited for a truck which was traveling west on Capitol Street. The truck turned into Ford Avenue, and according to Bennett, he saw Wells' automobile traveling east on Capitol Street at a rate of speed close to 40 miles per hour. At that time the Wells automobile was about 100 yards away. Bennett stated that he did not look any further at the Wells automobile but drove into Capitol Street and without looking proceeded across the north half of the street. He crossed over the center of the street and struck Wells' car without looking again to see how near the appellant's car had approached into the intersection. Bennett stated he did not see the Wells automobile after his original view of it until the collision.
The Court reversed and remanded the case for a new trial on the question of damages only, and stated:
We think that under the appellee's own admissions he was guilty of negligence in proceeding into Capitol Street without continuing to look for the hazard of appellant's approaching automobile. He had ample oportunity to look and drove blindly across the street and into the side of appellant's car. Under the circumstances admitted by the appellee, we think that the appellant was entitled to the peremptory instruction which he requested on the issue of liability... . (229 Miss. at 138-139, 90 So.2d at 200).
In Campbell, this Court held that a directed verdict in favor of the plaintiff was properly granted, and stated:
In Wells v. Bennett, 229 Miss. 135, 138, 90 So.2d 199, 200 (1956), we quoted from Avent v. Tucker, 188 Miss. 207, 194 So. 596 (1940) that:
"It seems to be the idea of the writers of the briefs filed on behalf of the appellant in this case that the driver of an automobile having stopped at the intersection at the stop sign  here 49 feet from the intersection  has discharged his full duty to himself from suicide and to the traveling public on a through highway. We want to emphatically state that no opinion of this court has ever absolved the driver of a motor vehicle from exercising care and diligence when proceeding upon a crossing which is much traveled, and at which people are known to travel at a high rate of speed, and if there were no statute in force in this state, common sense would dictate that no driver of an automobile should enter upon an intersection of a much-traveled highway without first ascertaining before it is too late as to the safety of the venture." (195 So.2d at 89.)
In the case before the Court, the undisputed proof is that defendant Horne was about to enter a heavily traveled highway near Jackson, Mississippi with a posted speed limit of 50 miles per hour. She stopped, looked first to the left and observed Buford's vehicle approaching, then she looked to the right and proceeded into the highway without continuing to look for the hazard of the approaching vehicle. Under the circumstances admitted by the defendant, we hold that plaintiffs were entitled to the peremptory instruction which they requested on the issue of liability.
*916 Buford may have been guilty of contributory negligence, but such contributory negligence, if any, would only diminish the amount of damages to be awarded plaintiffs. Mississippi Code Annotated section 11-7-15 (1972).
Plaintiffs also contend that the court erred in dismissing Knight as a defendant.
Defendant came to the service station to take Knight to his home in Crystal Springs, Mississippi, and Knight put $2.00 worth of gasoline in her automobile. Plaintiffs contend that defendants were engaged in a joint venture, and as a result of this, the driver of the automobile was the agent of Knight, and he was therefore liable.
The general rule with reference to the joint venture of common enterprises is stated as follows:
Such a joint venture or common enterprise as makes the occupants of a motor vehicle mutual agents and principals in its operation is one in which the business they are on or which they intend to do after the journey involves such a community of interest and obligations as will make the trip itself an integral part of such venture. In order to make each of two or more persons responsible for the negligence of the other under the principle of joint enterprise in the operation of a motor vehicle, each must have the right to a voice in the operation and control of the vehicle. The occupants of an automobile pleasure bound are not, because of their common objective, engaged in a common enterprise so as to make the driver of the automobile the agent of all, with their consequent responsibility for his negligence. [8 Am.Jur.2d Automobiles and Highway Traffic § 564 (1969)].
We recognize that the purpose of the trip was to carry Knight to his home in Crystal Springs, but he did not have the right to a voice in the operation and control of the vehicle. Although he did not have the right of control, he warned defendant of the approaching vehicle. We therefore hold that the court correctly dismissed Knight.
Plaintiffs also contend that it was error for the court to grant Instruction No. 27.[1] Since we are remanding the case for a new trial on the issue of damages only, the question may arise on retrial. We hold that Instruction No. 27 was not supported by the evidence and should not have been given under the evidence adduced at the first trial. The question of contributory negligence, if any, of Buford should be left to the jury under proper instructions.
Reversed in part, affirmed in part and remanded for a new trial on the issue of damages only.
GILLESPIE, C.J., and PATTERSON, INZER and WALKER, JJ., concur.
NOTES
[1] You are instructed by the Court that plaintiffs' decedent, George B. Buford, was, as a matter of law, guilty of negligence in the operation of his truck at the time and place of the accident in question, and if you should find from the evidence that such negligence was the sole proximate cause of the accident in question, then it is your sworn duty to return a verdict for the defendant.