537 So.2d 447 (1989)
Robert William ANDREWS
v.
JITNEY JUNGLE STORES OF AMERICA, INC., and James Jones.
No. 58313.
Supreme Court of Mississippi.
January 4, 1989.
*448 David W. Dreher, Jackson, for appellant.
F. Hall Bailey, Wise, Carter, Child & Caraway, Jackson, for appellees.
Before DAN M. LEE, P.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:
Robert William Andrews, a Jackson police officer, brought this action in the Circuit Court of Hinds County, Mississippi, alleging negligence and seeking damages arising out of an automobile accident when his official vehicle collided with a tractor-truck owned by Jitney Jungle Stores of America, Inc. and operated by James Jones. The jury found in favor of Jitney Jungle, and from this judgment Andrews brings this appeal assigning as error the following:
(1) The verdict failed to conform with the comparative negligence rule under Mississippi law.
(2) The court erred in not granting plaintiffs' peremptory instruction.
(3) The verdict was against the overwhelming weight of the evidence.

I.
On May 2, 1984, at approximately 12:45 a.m., an automobile accident occurred at the intersection of Amite Street and Mill Street in downtown Jackson, Mississippi, when Robert Andrews, a Jackson police officer, collided with a tractor-truck owned by Jitney Jungle Stores of America, Inc. and operated by James Jones, a Jitney Jungle employee of twelve years. At the time of the accident, Andrews was proceeding west on Amite Street responding to an emergency call while operating his emergency blue lights. Jones was traveling south on Mill Street en route to a Jitney Jungle store in order to pick up a trailer. There was a building on the northeast corner of the intersection that blocked both drivers' view of each other as they entered the intersection. The intersection in question was controlled by a traffic signal, and both drivers testified that they entered the intersection with a green light. Both Andrews and Jones testified that the accident was unavoidable once they entered the intersection.
Jones testified that he was traveling approximately 25 to 30 miles per hour just prior to entering the intersection, and that he had the green light when he entered the intersection. He further testified he first saw Andrews' police car, with the blue lights flashing "just as [he] hit the intersection." His eyes were on the traffic light and the road. A building located on the corner of the intersection of Amite Street and Mill Street blocked his view of the westbound traffic on Amite Street as it approached the intersection. When he did see the police vehicle for the first time, he testified there was nothing he could have done, which he did not do, that would have prevented the accident.
Andrews testified that while he was working the midnight shift he received a radio dispatch to respond to gun shots. He proceeded west on Amite Street with his blue lights on, but did not recall having his siren on. He was traveling approximately 50 miles per hour when he entered the intersection of Amite Street and Mill Street with a green light. The speed limit on Amite Street at this point is 35 miles per hour. Andrews stated that as he approached the intersection heading west on Amite Street, he could not see what traffic was proceeding south on Mill Street because of the building located on the northeast corner of the intersection. He assumed that the person traveling south on Mill Street would have the same sight restriction regarding traffic heading west on Amite Street. Upon entering the intersection, Andrews observed the Jitney Jungle *449 truck coming into the intersection headed south on Mill Street. In an effort to avoid colliding with the truck, he attempted to put his patrol vehicle into a left turn, but was unable to do so and the truck struck the right passenger side of the patrol car. The next thing Andrews remembered was waking up in the emergency room at the hospital. Andrews sustained permanent injuries as a result of the accident.
At the conclusion of the trial, the jury returned a verdict in favor of the defendants, Jones and Jitney Jungle. Andrews appealed arguing that since he was an on-duty police officer operating his police vehicle with the blue emergency lights flashing when he entered the intersection, Jones was negligent as a matter of law when he failed to yield the right-of-way to an emergency vehicle.

II.

DID THE VERDICT FAIL TO CONFORM WITH THE COMPARATIVE NEGLIGENCE RULE UNDER MISSISSIPPI LAW?
Andrews seeks to have this Court reverse the jury verdict obtained below on the ground that Jones was negligent as a matter of law in failing to keep a proper lookout and yield the right-of-way to the police vehicle which was operating its blue flashing lights. Andrews claims he had the right-of-way regardless of which driver had the green light because he was operating an emergency vehicle, and the only real question to be determined by the jury is what amount, if any, his damages should be reduced due to his comparative negligence.
The authority for Andrews' argument can be found in § 63-3-809 of the Mississippi Code, as amended, which provides:
(1) Upon the immediate approach of an authorized emergency vehicle, when the driver is giving audible signal by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the highway, clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.
(2) This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway.

Miss. Code Ann. § 63-3-809 (1972) (emphasis added).[1] While the above code section does not require a driver to yield to an emergency vehicle using only his blue lights, the Legislature filled this gap with the passage of § 63-7-19 of the Mississippi Code, which provides:
Any police vehicle shall be marked with blue lights. * * * Any wrecker or other vehicle, excepting police vehicles, fire vehicles and ambulances, used for emergency work, shall be marked with blinking, oscillating or rotating amber colored lights to warn other vehicles to yield the right-of-way, as provided in § 63-3-809. Only police vehicles used for emergency work may be marked with blinking oscillating or rotating blue lights to warn other vehicles to yield the right-of-way.
Miss. Code Ann. § 63-7-19 (Supp. 1985).
Pursuant to these code sections, Andrews argues that Jones clearly had a duty to yield to Andrews' police emergency vehicle regardless of whether or not Jones had a green light facing him when he entered the intersection in question.
Andrews ignores the fact that an emergency vehicle is not given the right to run through stop signs and red lights without first ascertaining that he can do so safely. This duty was imposed by the Mississippi Legislature in § 63-3-315 of the Mississippi Code, which provides:
The driver of any authorized emergency vehicle when responding to an emergency call upon approaching a red or stop signal or any stop sign shall slow *450 down as necessary for safety but may proceed cautiously past such red or stop sign or signal. At other times drivers of authorized emergency vehicles shall stop in obedience to a stop sign or signal.
Miss. Code Ann. § 63-3-315 (1972) (emphasis added).
Andrews, as the driver of an emergency vehicle responding to an emergency call, had a duty to slow down as necessary for safety upon approaching a red traffic light controlling an intersection. After slowing down as necessary for safety, Andrews has the right to proceed cautiously through the red light if he can do so safely. Otherwise, Andrews, as the driver of an emergency vehicle, has a duty to stop in obedience to the red light.
Jitney Jungle and Jones argued at trial that Jones was traveling within the speed limit when he entered the intersection of Amite and Mill Street while facing a green light just prior to the accident. Moreover, the building located on the northeast corner of the intersection blocked Jones' view of the traffic proceeding west on Amite Street prior to the time that he entered the intersection. Further, Jones did not see or hear Andrews' police vehicle until Jones was already too far into the intersection to avoid the collision. Jones attempted to veer right to avoid colliding with the car, but the accident was unavoidable. Andrews testified that he did not remember having his siren sounding.
At the conclusion of the testimony, the jury was properly instructed as to the applicable law. The jury retired to deliberate its verdict and exercised its prerogative as the finders of fact and found that Andrews was negligent and his negligence was the sole proximate cause of the accident. Robinson v. State, 418 So.2d 749, 751 (Miss. 1982).
Andrews attempts to rely on Mississippi's comparative negligence statute which provides:
In all actions hereafter brought for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property.
Miss. Code Ann. § 11-7-15 (1972). However, this Court has consistently held that Mississippi's comparative negligence statute has no application where the negligence of the injured person was the sole proximate cause of the injury. Salster v. Singer Sewing Machine Co., 361 F. Supp. 1056, 1060 (N.D.Miss. 1973); McClellan v. Illinois Central Railroad Co., 204 Miss. 432, 37 So.2d 738 (1948); Trewolla v. Garrett, 200 Miss. 563, 27 So.2d 887 (1946).
Andrews states he was not the sole proximate cause of the accident as Jones was charged with seeing that which he should have seen. Campbell v. Schmidt, 195 So.2d 87, 89 (Miss. 1967). Under the facts in Schmidt, "the failure to look was negligence as a matter of law." Schmidt at 89. However, the facts in Schmidt are distinguishable from the case at bar. Here, Jones was unable to see Andrews until it was too late to avoid the accident due to buildings blocking his view.
The issues of proximate cause, negligence and contributory negligence are for the jury to decide under proper instructions from the court. Smith v. Walton, 271 So.2d 409, 413 (Miss. 1973); Matthews v. Thompson, 231 Miss. 258, 95 So.2d 438, 449 (1957). The jury in this case, after being correctly instructed as to the applicable law, determined that Andrews was negligent and his negligence was the sole proximate cause of the accident. As there is substantial evidence to support this verdict, the trial court did not commit manifest error and the jury's verdict is affirmed. Johnson v. Black, 469 So.2d 88, 90 (Miss. 1985).

III.

DID THE TRIAL COURT ERR IN NOT GRANTING ROBERT ANDREWS' PEREMPTORY INSTRUCTION?
The rule for determining whether a peremptory instruction is appropriate requires *451 that all evidence favorable to the party against whom the peremptory instruction is requested must be accepted as true, all evidence in favor of the party requesting the peremptory instruction in conflict with that of the other party must be disregarded, and, if the evidence and the reasonable inferences to be drawn from same will support a verdict for the party against whom it is requested, then the peremptory instruction should be refused.
Whitley v. City of Meridian, 530 So.2d 1341, 1347 (Miss. 1988); Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975).
Based upon the facts previously discussed, the peremptory instructions were properly refused.

IV.

WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
In considering the sufficiency of the evidence, "this Court must accept as true the evidence which supports the verdict." Spikes v. State, 302 So.2d 250, 251 (Miss. 1974); Murphree v. State, 228 So.2d 599 (Miss. 1969). "[T]his Court does not sit to redetermine questions of fact" and has no authority to grant relief if there is "substantial credible evidence in the record undergirding the determinative findings of fact" made by the trial court. Johnson v. Black, 469 So.2d 88, 90 (Miss. 1985).
This assignment of error deals with the questions of fact which were properly submitted to the jury. The jury, after being correctly instructed as to the applicable law, determined that Andrews was negligent and his negligence was the sole proximate cause of the accident. The trial court did not commit manifest error as there is substantial evidence to support this verdict. Black at 90. Davis v. Clement, 468 So.2d 58 (Miss. 1985). This assignment of error, therefore, is without merit.

CONCLUSION
For the foregoing reasons, it is the opinion of this Court that the decision of the circuit court was not in error and should therefore be affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
NOTES
[1] Police Department policy at the time of the accident was to engage the siren when going through an intersection against a red light. The siren would be turned off after clearing the intersection. This policy did not comply with the statute and has subsequently been changed.