GINN *v.* CULPEPPER

No. 42131          February 5, 1962          137 So. 2d 179

*R. M. Sullivan,* Hattiesburg, for appellant.

*M. M. Roberts,* Hattiesburg, for appellee.

McGehee, C. J.

On December 27, 1957, the appellant was driving her automobile on Mississippi Highway No. 586 in the town

of Foxworth in Marion County, Mississippi. She was traveling easterly toward Columbia on this through highway. The appellee, J. W. Culpepper, was driving his automobile south on Highway No. 587 and he allegedly ran a stop sign before entering the intersection of the two highways. The result was that the appellant, who was the plaintiff, Mrs. Myra Ginn, sustained damages to her automobile in the alleged sum of $323.54. She alleges in her declaration that she had been paid $50 of the damages and that she was bringing suit for the unpaid balance of $273.54.

The appellee, J. W. Culpepper, in his answer denied that he had paid the sum of $50 on the damages to the plaintiff's automobile and pleaded a release from the plaintiff, executed by Myra Ginn Phillips, shown to be the same person as Mrs. Myra Ginn, whereby the plaintiff has acknowledged receipt of the sum of $428.50, as a "full release and discharge of all actions, claims and demands whatsoever that may now or hereafter exist against J. W. Culpepper and any and all other interested parties", the release stipulating "that this does not affect the subrogation rights of my collision insurance carrier, State Farm Mutual Insurance Company", and the release was dated January 24, 1958, prior to the filing of the plaintiff's declaration in the early part of 1961.

The plaintiff, as the appellant here, assigns as error the action of the trial court in permitting the insurance question to be testified about. However, since the plaintiff injected by her declaration the payment of the amount of $50 on the claim, we think that the defendant was entitled to deny that he had paid this amount, since otherwise the payment may have been construed as an admission of liability, and was entitled to introduce the release and to develop the fact that the plaintiff had been paid the total amount specified therein.

The defendant and his father-in-law, who were riding south on Highway No. 587 on the occasion in question, testified that there was a truck parked at the northwest corner of the intersection and that since it was after dark the lights of the truck were blinding and that the plaintiff's car came around the truck and entered the intersection at a reckless rate of speed and struck the defendant's car on the front and right side thereof, whereas, the plaintiff contended that the defendant's car struck her car. However, a child was caused to be thrown by the impact from the back seat of the plaintiff's car over into the front seat thereof and the physical facts disclosed that the defendant's car had been struck on the front and right side by the plaintiff's car.

While the defendant, J. W. Culpepper, had not paid the $50 to the plaintiff as a portion of her damages, this amount had been paid by someone, presumably the Insurance Company, who had also paid her the total sum of $428.50 in settlement of her damages. Moreover, there was no ruling made by the trial judge to exclude the testimony relating to the matter of insurance and the point is not therefore precisely presented to the court in that behalf, even if it had been error to have admitted the same.

▆▆▆ The case was tried before the trial judge without the intervention of a jury and with the result that the judgment concluded and so found that, "The plaintiff has been made whole and the defendant has not been made whole and the court is of the opinion the plaintiff is just as much to blame as the defendant and as between the two he doesn't believe the defendant should be left holding the bag." The trial judge, therefore, gave the defendant a judgment on his counterclaim for the sum of $100.

We think that the case was a typical one presenting an issue of fact and that since the evidence was con-

flicting as to whether or not the defendant ran the stop sign and as to whether the plaintiff was at fault in driving out into the intersection and striking the defendant's car at an excessive rate of speed, ▮▮ we would not be justified in disturbing the judgment of the trier of the facts and that, therefore, the judgment appealed from should be affirmed.

Affirmed.

*Kyle, Ethridge, Gillespie* and *Jones, JJ.*, concur.