BRADY, Justice.
This cause was instituted in the Circuit Court of Attala County by appellant Paul Mooney against appellees Mrs. Rita K. Bailey Lawley and Bryant A. Crosby for *680 personal injuries claimed to have been sustained in an automobile collision, which occurred on Sunday, September 19, "1965, in Kosciusko, Mississippi. From a jury verdict in favor of the appellees, the appellant prosecutes this appeal.
The record discloses that appellant and appellees were each driving an automobile proceeding northward on North Wells Street in Kosciusko. After passing or stopping at a signal light, appellee Crosby first proceeded northward and after the light had changed appellant and appellee Lawley likewise proceeded northward a distance of approximately four hundred feet in this order. Appellee Crosby testified that he “varied” into the left lane after giving an automatic signal indicating his intention to turn right into his sister’s driveway located approximately four hundred feet from the traffic light. Upon seeing the appellant’s car, which was following from the rear, appellee Crosby stopped his car, largely in the left or west lane, Appellant Mooney suddenly applied his brakes and stopped in the east lane. There was a collision between appellant’s car and appellee Lawley’s car which was following appellant’s car.
There are irreconcilable conflicts in the testimony. Appellee Crosby testified that after the appellant had stopped his car he got out and walked over to appellee Crosby’s car, there was a discussion and the appellant asked him what he was going to do. Appellee Crosby testified that subsequent to this time the collision occurred. This is denied by appellant Mooney. An objective review of all the testimony in this cause and a careful study of the briefs leads us to the conclusion that the issues in this case were issues of fact and were for determination solely by the jury. Mississippi Code 1942 Annotated section 1455 (1956) specifically requires that all questions of negligence and contributory negligence should be for the jury to determine. In addition, the decisions of this Court are legion in support of the well established rule of law that the verdict of the jury based upon conflicting evidence will not be set aside unless it is contrary to the overwhelming weight of the evidence or it is apparent that the jury was actuated by bias, passion and prejudice. This long established rule is sufficiently substantiated by the following cases: McGraw v. Smith, 209 So.2d 900 (Miss.1968); Holifield v. Nester Chevrolet Co., 207 So.2d 636 (Miss.1968); Green v. Pendergraft, 253 Miss. 891, 179 So.2d 831 (1965); Peel v. Gulf Transport Co., 252 Miss. 797, 174 So. 2d 377 (1965); Independent Life & Accident Ins. Co. v. Mullins, 252 Miss. 644, 173 So.2d 663 (1965); Phillips v. Dow Chem. Co., 247 Miss. 293, 151 So.2d 199 (1963); Straight v. Brinson, 246 Miss. 132, 149 So. 2d 515 (1963) ; Martin v. Illinois Cent. R. R., 246 Miss. 102, 149 So.2d 344 (1963); Majure v. Herrington, 243 Miss. 692, 139 So.2d 635 (1962) ; Ginn v. Culpepper, 243 Miss. 55, 137 So.2d 179 (1962); Phillips v. Delta Motor Lines, Inc., 235 Miss. 1, 108 So.2d 409 (1959); Carruth v. Griffis, 220 Miss. 541, 71 So.2d 478 (1954); Continental Southern Lines v. Klaas, 217 Miss. 795, 65 So.2d 575 (1953); and Box v. Swindle, 306 F.2d 882 (U.S.C.A. 5th 1962).
The jury is the trier of facts and we have repeatedly so held. It was for the jury to say whether or not under the facts and conditions appellee Crosby and appel-lee Lawley were guilty of negligence in the operation of their cars and whether or not their negligence proximately caused the accident and alleged injuries. It was for the jury to say whether or not the appellant sustained the alleged injuries and resultant pain which he complained of on account of the slight collision that caused minor property damage which the appellant did not see fit to correct, or claim damages therefor. It was for the jury to say whether the preexisting arthritic condition of appellant’s neck was the cause of his pain.
We cannot say from the evidence in this cause that the verdict of the jury evinces bias, passion or prejudice or that it is against the overwhelming weight of the *681 testimony. There is no merit in the appellant’s contention that the cause should be reversed because of the granting of the instruction complained of, which was a comparative negligence instruction obtained by appellee Lawley. As we have repeatedly held, we cannot substitute our judgment for that of the jury. For these reasons, the judgment is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and SMITH, JJ., concur.