218 So.2d 428 (1969)
Lloyd J. NILES
v.
Wilburn E. SANDERS.
No. 45161.
Supreme Court of Mississippi.
January 27, 1969.
*429 James L. Garner, Jr., Daniel, Coker, Horton & Bell, Jackson, for appellant.
Watkins & Eager, Hassell H. Whitworth, Jackson, for appellee.
PATTERSON, Justice.
The appeal here arose out of an action for damages for personal injuries brought by appellant, Lloyd J. Niles, against appellee, Wilburn E. Sanders. The case was tried in the Circuit Court of the First Judicial District of Hinds County and resulted in a jury verdict and judgment for appellee.
Appellant Niles' injuries resulted when an automobile in which he was riding was run into by a pickup truck being driven by appellee Sanders. The collision occurred at about 2:30 in the afternoon of November 11, 1966, in the open country, on Country Club Drive, a county road formerly known as White Rock Road. Immediately prior to being struck, Niles' automobile had been proceeding north and was approaching a hill crest. The driver began making a left turn, across the lane for southbound traffic, with the intention of stopping at a restaurant being constructed for Niles on the west side of the road. Sanders came over the hill from the opposite direction and struck Niles' automobile when it was in Sanders' lane of traffic, which was the southbound lane, injuring Niles. It was a rainy, misty day, and although Sanders applied his brakes when he saw the Niles automobile enter his lane, he was unable to avoid the collision. The point of impact was neither at nor near an intersection although there were a filling station and perhaps one or two small business places located west of the road.
At the trial, evidence for appellant Niles tended to show that Sanders came over the crest of the hill at an excessive rate of speed. The evidence for Sanders was to the contrary and tended to support the view that the collision resulted solely from negligence on the part of appellant's driver in angling from the right into the left lane of the road immediately in front of Sanders when the latter was within view and had approached too closely to avoid striking the Niles automobile.
*430 Appellant's first assignment of error is directed toward the action of the trial court in denying his request that the jury be peremptorily instructed to return a verdict in his favor on the issue of liability. We find no merit in this proposition as obviously conflicting evidence clearly presented an issue of fact for determination by the jury. Neither was the jury's verdict "contrary to the law and the facts of record" nor to the "overwhelming weight of the evidence" as there was ample evidence to support a jury finding that negligence on the part of the driver of Niles' car in turning in front of Sanders was the sole proximate cause of the collision and Niles' injuries.
The next two "assignments" of error are in these general terms:
5. The trial court erred each and every time that it sustained an objection asserted in the trial court by the defendant-appellee and it further erred each and every time it overruled an objection of the plaintiff-appellant in said trial court;
6. The trial court erred each and every time it granted an instruction requested by the defendant-appellee.
These "assignments" wholly fail to comply with the requirements of Mississippi Supreme Court Rule 6, Subsection (a): "The assignment of errors shall set out separately and particularly each error asserted and intended to be urged, * * *." nor do they meet the standards of specificity stated in Subsection (b) "No error not distinctly assigned shall be argued by counsel, except upon request of the Court, but the Court may, at its option, notice a plain error not assigned or distinctly specified."
Notwithstanding the patent disregard of the rule and that this type of "assignment" is without value and is of no assistance to the Court, these so-called "assignments," quoted above, comprise the only basis for the argument of appellant's remaining points urged for reversal. The first of these points argued in appellant's brief deals with an instruction relating to the speed of Sanders' truck granted at Sanders' request.
Over vigorous objection of appellee, the trial court had permitted appellant to introduce testimony that there was a posted speed limit sign indicating that the official speed limit at the place of the collision was 40 miles per hour. It seems to be conceded that Country Club Drive was a county road under jurisdiction of the Board of Supervisors of Hinds County. Appellee's objection was based primarily upon failure of appellant either to allege or to offer proof of any action on the part of the Hinds County Board of Supervisors reducing the stautory statewide speed limit of 65 miles per hour to 40 miles per hour at the point in question or authorizing the posting of the sign. Mississippi Code 1942 Annotated sections 8151(a) (2) and 8155 (1956) and sections 8176 and 8177 (Supp. 1966). Appellee has filed a cross assignment of error and argues that the admission of this evidence was error. We agree that it was under the pleadings and proof.
Section 8176, supra, establishes uniform speed regulations throughout the state. Sections 8155 and 8177 provide for the altering of state speed limits under certain conditions by local authority. In cases involving injuries arising out of vehicular traffic on municipal streets or county roads where special municipal or county speed restrictions have been placed in effect, the party expecting to rely upon a violation of such restrictions should plead the existence of the special speed limit established by the local authority and its violation. Fairness, as well as ordinary rules of pleading, require that the opposite party be apprised of the fact that proof will be offered as to the existence of a special speed zone created by competent authority and violation of the speed limit there established. This is no more than is required as to other *431 material factual matters upon which a party expects to rely in establishing a claim or defense.
If the existence of such a special speed restriction is alleged and denied, or if its legality is put in issue by a responsive pleading, proof should then be required, the burden resting upon the party having the affirmative, as in other cases of disputed fact. Where the existence of the speed zone and rate of speed are properly alleged and not denied, proof that speed signs were in fact posted is sufficient to create a presumption that they reflect appropriate action by competent authority in restricting speed.
In this condition of the record, the court having allowed proof of the posted speed limit sign, appellee requested and was granted the instruction complained of, which was as follows:
The Court instructs the jury for the Defendant that under the law it is unlawful to drive a vehicle in excess of the posted speed limit, but even though it is unlawful this act standing alone does not constitute negligence; and in this case even if you believe from a preponderance of the evidence Defendant was driving his vehicle in excess of the posted speed limit, Plaintiff still cannot recover anything unless you further believe that Defendant was negligent (as negligence is defined in the other instructions) and such negligence, if any, was a proximate cause of the accident. (Emphasis added.)
In Meridian Coca-Cola Co. v. Watson, 161 Miss. 108, 134 So. 824 (1931) this Court said:
In the absence of ordinances regulating speed, the state law would apply in a municipality, as well as on the rural highway.
In considering a somewhat similar question in a later case it was held:
There was no ordinance of the City of Picayune in evidence prescribing the maximum speed of motor vehicles within its limits. The statutes therefore apply; and in the absence of such an ordinance the maximum speed was 30 miles an hour, and, where closely built up, 20 miles an hour. McDonough Motor Express, Inc., v. Spiers, 180 Miss. 78, 176 So. 723 (1937), suggestion of error overruled 180 Miss. 78, 177 So. 655 (1937).
Although induced, perhaps, by the admission of proof of the posted speed sign, we have concluded that the above instruction contains an obvious error, which we will notice although not specifically assigned, and was capable of confusing and misleading the jury upon the principal factual issue in the case which was the speed of the Sanders vehicle. Moreover, there was no other instruction in the case, either for appellant or appellee, defining negligence and hence it was error to refer the jury to "other instructions" for a definition of that term.
Appellant also argues under his general assignment that it was error to grant to appellee the following instruction:
The Court instructs the jury for the Defendant that under the law the driver of Plaintiff's vehicle had an absolute duty, before turning across the road into the opposite lane of traffic, to use reasonable care to determine if any other vehicles, including the vehicle of Defendant, were occupying the opposite lane of traffic, and you should find for the Defendant if you believe the driver of Plaintiff's vehicle failed to use such reasonable care and this failure, if any, was the sole proximate cause of the accident. (Emphasis added.)
Appellant's chief criticism of this instruction is that it placed upon the driver of appellant's vehicle an "absolute duty" not to turn into the southbound lane of the road until he had used reasonable care to *432 determine "if other vehicles, including the vehicle of defendant, were occupying the opposite lane of traffic. * * *" (Emphasis added.) It is argued that the instruction leaves entirely out of consideration, and furnishes no guide upon, the issue as to the proximity of appellee's vehicle at the time when the driver of Niles' automobile undertook to turn left. While the giving of this instruction standing alone probably would not require reversal of the case, we think that the instruction in the form in which it was granted should not be given upon a retrial. Also, the word "duty" should not have been qualified by the word "absolute."
At the trial, appellee introduced a series of photographs purporting to show the scene of the collision. Appellant objected upon the ground that in making the photographs an automobile had been parked north of the hill crest for the purpose of showing that appellant's driver could have observed the approach of appellee's vehicle for a substantial distance before it reached the hill crest and before the driver of Niles' car attempted to turn left. The court admitted these photographs but carefully admonished the jury not to consider any automobiles which might be shown in the photographs (several were shown) and that their introduction was permitted for the limited purpose of affording the jury a view of the locale of the collision.
The introduction of photographs is ordinarily a matter for the sound judicial discretion of the trial court. Illinois Central R.R. Co. v. Coussens, 223 Miss. 103, 77 So.2d 818 (1955), cert. dismissed, 350 U.S. 801, 76 S.Ct. 36, 100 L.Ed. 721 (1955). The trial court has a wide latitude of discretion in the admission of photographs. Louisville & N.R. Co. v. Daniels, 252 Miss. 1, 172 So.2d 394 (1965).
In the instant case the trial court carefully instructed the jury that any automobiles in the pictures were to be ignored and explained the purpose for which they were admitted. Ordinarily the constructing of tableaux for the purpose of producing a re-enactment of an incident, to be photographed and offered in evidence in a jury trial, is improper. Here the photographs clearly depicted the scene of the collision and the trial court reasonably could have considered that they would materially assist the jury in interpreting the evidence given by the witnesses. His instructions to the jury were clear and adequate to obviate their objectionable feature.
Reversed and remanded.
ETHRIDGE, C.J., and RODGERS, SMITH and ROBERTSON, JJ., concur.