390 So.2d 287 (1980)
Harry Jarvis JACKSON
v.
Carlton O. GRIFFIN and Farrish Gravel Company, Inc.
No. 52163.
Supreme Court of Mississippi.
November 12, 1980.
*288 H.L. Merideth, Jr., Robertshaw & Merideth, Greenville, Charles M. Deaton, Billy B. Bowman, Brewer, Deaton, Evans & Bowman, Greenwood, for appellant.
Arnold F. Gwin, Lott, Sanders & Gwin, Greenwood, for appellees.
Before SMITH, P.J., and SUGG and LEE, JJ.
LEE, Justice, for the Court:
Harry Jarvis Jackson filed suit against Carlton O. Griffin (Griffin) and Farrish Gravel Company, Inc. (Farrish) in the Circuit Court of the First Judicial District of Carroll County, seeking damages for the death of his wife, Sylvia Jackson, who was killed in a truck-car collision. The declaration charged negligence against Griffin and Farrish, and sought actual and punitive damages. After a five-day trial, the jury returned a verdict in favor of the defendants. Jackson has appealed, assigning two (2) errors in the trial below.

I.
Was the verdict of the jury contrary to the overwhelming weight of the evidence?
The appellant contends, under this assignment of error, that the appellees were guilty of negligence which proximately caused the collision and that the jury verdict is contrary to, and contradicted by, the undisputed physical facts of the case. The appellant also requested a preemptory instruction on the issue of liability in the trial below, and, after verdict, filed a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial.
Appellant's wife was a nurse at the Greenwood-Leflore Hospital, and, on October 23, 1978, had worked the 11 p.m. to 7 a.m. shift. After she was picked up by her husband at the hospital shortly after 7 a.m., she drove him to his job in Greenwood, then drove toward their home, fourteen (14) miles away in rural Carroll County. Mrs. Jackson was proceeding in a northerly direction on a curvy, hilly, narrow gravel road and was approaching and meeting a tractor-trailer truck, owned by Farrish and driven by Griffin, its agent, in a southerly direction on said road. Griffin had been driving on the road for approximately ten (10) days, hauling gravel from a nearby pit. Mrs. Jackson routinely traveled the road to and from her place of work. The collision occurred a short distance north of a curve in the road and resulted in her instant death. There were no eyewitnesses to the collision except Griffin. He testified that he glimpsed the Jackson vehicle approaching; that it was on his side of the road; that he thought the vehicle would move over to its proper side; that he was as far over on the west side of the road as he could get without going in the ditch; that his tractor truck was on its proper side of the road; that the Jackson car was on the west side of the road in the truck lane when the accident occurred; and that just before the accident, when he became aware that the Jackson car was not moving over to its proper lane, he sounded his horn and applied the brakes. Some of the physical facts are in dispute; others are not.
Sheriff C.D. Whitfield, who arrived at the scene shortly after the collision, made measurements, assisted by his deputy, Kenneth McCrory. He testified that the road was twenty-four (24) feet wide at the point of impact, that marks made by the left wheel of the Jackson car were twelve (12) feet from the east edge of the road, and *289 that the distance from that point to the west edge was twelve (12) feet, the width of the road totalling twenty-four feet.
Deputy McCrory testified that the measurements noted by Sheriff Whitfield in his accident report were inaccurate. Witnesses referred to photographs, which showed the imprint of the truck wheels in the west side of the road on the edge of the ditch, and they identified tire marks of the truck from the point of impact to the place where the truck came to a halt. The left front axle of the truck was broken by the impact, and it plowed a furrow down the west lane of the road for approximately one hundred twenty-five (125) feet. Sheriff Whitfield testified that the speed limit was fifty-five (55) miles per hour along the road. Griffin testified that the truck was in eighth gear at the time of the collision [it had twelve (12) forward gears] and a truck expert testified that the vehicle would not go more than thirty (30) miles per hour in eighth gear. There was also testimony to the effect that debris was in the middle of the road and four (4) or five (5) feet over on the west side of the road.
The appellant cites and relies upon Elsworth v. Glindmeyer, 234 So.2d 312 (Miss. 1970) for the argument that debris and physical facts prove that the collision occurred in the deceased's lane of travel. There, two vehicles collided head-on and were wedged into a "T." All of the signs and physical facts showed without question that the impact occurred in the plaintiff's proper lane of travel, while there was no indication that the vehicles collided in the defendant's lane of travel. Under those undisputed facts, the Elsworth court held that the jury verdict for the defendant was contrary to the overwhelming weight of the evidence.
We have carefully considered the testimony of Griffin and other witnesses in the case, along with all the photographs and physical evidence. Here, the physical facts are in dispute. Griffin testified positively that he was driving the truck on its proper side of the road as far to the west edge as he could operate it, and that the Jackson vehicle drove into the west side of the road. The physical facts, at least in part, corroborated Griffin's version of the collision. The jury is the sole judge of the weight of the evidence and the credibility of the witnesses. Conflicts in the evidence are to be resolved by the jury, and before a reviewing court can interfere with the verdict, testimony must so strongly preponderate that the court can safely say it was overwhelmingly in favor of the appellant. Powers v. Malley, 302 So.2d 262 (Miss. 1974). We are of the opinion that there was a jury question as to whether or not appellee was guilty of negligence which proximately caused or contributed to the collision.

II.
Did the court err in refusing Instruction P-6 on the question of reasonably safe speed along the road in question?
Appellant contends that the court erroneously refused its requested Instruction P-6 which follows:
"The court instructs the jury that under the evidence in this case a reasonably safe speed for the operation of the motor vehicle over and along the road in question was not in excess of 30 miles per hour.
The court further instructs you if you believe from a preponderance of the evidence that the defendant, Carlton O. Griffin, was operating said truck immediately prior to the accident at a speed in excess of 30 miles per hour, then in that event, the defendant, Carlton O. Griffin, was negligent and if you further believe from a preponderance of the evidence that such negligence, if any, was a proximate cause of the collision and the death of the said Sylvia P. Jackson, then it is your sworn duty to return a verdict for the plaintiff."
We note that the trial court granted Instruction P-7, which provided in part:
"The Court further instructs you that if you believe from a preponderance of the evidence that the Defendant, Carlton O. Griffin, prior to October 23, 1978, was *290 thoroughly familiar with Valley Road and that said Defendant knew that the road in parts contained hills, curves and an uneven surface and that 30 miles per hour was a maximum, reasonably safe speed for the operation of a motor vehicle over and along said road... ."
All jury instructions must be read as a whole to determine whether or not the jury was correctly instructed. Briscoe v. Jones, 233 So.2d 125 (Miss. 1970). The fact that the court refused an instruction in different language from one given is not error. Appellant contends that appellees did not object to Instruction P-6, and, therefore, the instruction should have been granted. There is no merit to the argument that appellees did not object to the instruction. The court may deny or grant instructions of its own volition. Newell v. State, 308 So.2d 71 (Miss. 1975).
Appellant argues that, since Sheriff Whitfield testified the speed limit on the road was fifty-five miles per hour (no objection made), the trial court should have permitted him to testify that speed in excess of thirty miles per hour was not a reasonably safe speed at the point of the collision. Also, appellant contends that since Russell Shipp, an employee of the Farrish Gravel Company, Inc., testified that he told his drivers not to exceed thirty (30) miles per hour because he considered that a reasonably safe speed, the instruction should have been granted. However, even though Shipp instructed his drivers not to drive in excess of thirty miles per hour, he did not indicate that speed in excess of thirty miles per hour was not reasonably safe. The trial court correctly sustained an objection to the sheriff's testimony as to what was a reasonable speed. The jury had the duty and prerogative, under all the facts and circumstances, to determine whether or not Griffin was driving the truck at a reasonably safe speed and whether or not such speed proximately caused or contributed to the collision.
There being no reversible errors in the trial below, the judgment is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.