450 So.2d 416 (1984)
Jeanne S. BARKLEY
v.
MILLER TRANSPORTERS, INC. and Hiram L. Roberts, Jr.
No. 54187.
Supreme Court of Mississippi.
April 11, 1984.
Rehearing Denied May 30, 1984.
*417 Clyde Ratcliff, McComb, for appellant.
Douglas R. Duke, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, for appellees.
Before ROY NOBLE LEE, PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This case comes on appeal from the Circuit Court of Hinds County, Mississippi, from a final judgment on a jury verdict of $00 in favor of the appellant and against the appellees Roberts and Miller Transporters, Inc. Appellant was granted a peremptory instruction in her favor on the issue of liability.
Appellant perfected her appeal and assigns as error
(1) that the verdict of the jury was against the overwhelming weight of the evidence, and
(2) that the trial court erred in granting jury instruction D-11.
Appellees cross-appeal and cross-assign as error
(1) that the trial court erred in granting appellant a peremptory instruction on liability;
(2) that the trial court improperly overruled appellees' objections to appellant's hypotheticals; and
(3) that the trial court improperly failed to grant instructions on contributory negligence.
Having considered the arguments, we find it was error to grant instruction D-11 over timely objection and to overrule the appellant's motion for a new trial. There being no merit to any other assignment of error either by the appellant or by the appellees, we affirm the action of the trial court in granting the peremptory instruction as to liability and reverse and remand for a new trial on the issue of damages.
On September 17, 1979, Jeanne Barkley was proceeding east down two-lane highway 98 from McComb to Columbia. She was being followed by appellee Hiram Roberts, Jr., driving an 18-wheel tractor-trailer rig owned by appellee Miller Transporters, Inc. It had been raining that day and the road was wet. This particular stretch had also been recently asphalted. Just prior to arriving at the long straightaway on which the accident happened, both Barkley and Roberts passed a road sign which cautioned them that the upcoming stretch of road was slippery when wet. As they reached the straightaway, Roberts pulled into the west lane in order to pass Barkley. Before Roberts had completed his passing effort, he lost control of his truck. Seeing this, Barkley, without applying her brakes, drove her vehicle off the road at forty miles per hour. As a result, Barkley was tossed around inside her car. There was no actual contact between the two vehicles, and after having her car pushed back onto the highway, Barkley drove herself back to McComb.
Prior to this accident in 1979, Barkley had been involved in an accident in 1971 that resulted in lower back pain. She had *418 also been involved in an accident in 1973 and 1977 which resulted in "whiplash" type injuries similar to those complained of as a result of this 1979 accident. Barkley also was involved in at least two incidents that did not involve automobiles but that could have accounted for some of her pain. These incidents occurred after the accident of 1979. Between the date of the accident and the date of the trial, Barkley saw at least five physicians and was hospitalized three times.
The day after the accident Barkley saw her gynocologist, Dr. Edsel Stewart. She complained of a stiff neck, stiffness in her back, neck, shoulder, upper arm, wrist and left thumb. She was treated until October 31, 1979, when she was referred to Dr. Byron Jeffcoat, an orthopedist.
Dr. Jeffcoat initially diagnosed Barkley as suffering from a cervical strain. However, some time in December, 1979, Dr. Jeffcoat changed his diagnosis to bursitis.
On November 10, 1980, Barkley went to Dr. Terry Westbrook, a general practitioner, who diagnosed her as suffering from chronic cervical strain. He testified that in his opinion the majority of Barkley's problems were related to the 1979 accident. He eventually referred her to Dr. Douglas Stringer, a neurosurgeon.
Dr. Stringer first saw Barkley on November 13, 1980. He diagnosed her problem as cervical and upper thoracic strain. He hospitalized her on three separate occasions. Dr. Stringer testified that the history of the accident of 1979 was consistent with Barkley's injuries. He found her to have no physical disability but suffering a functional disability. It was his opinion that Barkley's problems were related to the 1979 accident and that the 1977 accident might have some bearing, but would not change his diagnosis. It was his opinion that if Barkley had no problems after the 1977 accident and before the 1979 accident, but did have problems after the 1979 accident, then the problems would be related to the 1979 accident. Dr. Stringer also testified that bursitis may be caused by trauma.
Barkley testified that she had completely recovered from the prior accidents and that all of her problems were a result of the 1979 accident. This testimony was substantially corroborated by her husband, a neighbor, and a co-worker. This was the evidence that was submitted to the jury.
That part of instruction D-11 appellant complains of charged the jury,
Also, she may not recover from any ailments, which are not the result of the accident and, as to this, the burden of proof remains upon the plaintiff to prove by a preponderance of the evidence that her symptoms have a substantial causal relation to the accident; and this burden is not met by testimony only that the symptoms described appeared after the accident and did not exist prior to the accident....
Under Mississippi law, negligence is not sufficient to permit recovery for injury. The injury must have been the direct result of the alleged negligence. Pargas of Taylorsville, Inc. v. Craft, 249 So.2d 403, 406 (Miss. 1971). However, a plaintiff need not rely solely upon direct evidence to prove a causal connection between negligence and injury,
But even where negligence is shown that fact alone affords no basis for the recovery of damages unless it further appears from direct evidence or reasonable inference that such negligence proximately contributed to the damage.
Tombigbee Electric Power Ass'n v. Gandy, 216 Miss. 444, 452, 62 So.2d 567, 569 (1953) (emphasis added).
Likewise, appellant here was required to prove that her injuries were proximately caused by appellees' negligence. In so doing, she was allowed to rely upon direct evidence as well as any reasonable inference therefrom. One such reasonable inference was that if appellant had suffered no pain before the accident but suffered pain immediately after the accident, then the injury was proximately caused by the accident. Moreover, the injuries were subjective and not capable of diagnosis by objective tests, but only by comparison of *419 her condition before and after the accident. By the granting of instruction D-11 the court denied the appellant her only method of proof.
Additionally, instruction D-11 was a direct and improper comment upon the evidence by the court in contravention of Mississippi Code Annotated § 11-7-155 (1972). Further the instruction was argumentative and misleading. In denying appellant proof by reasonable inference the court committed reversible error.
We have already stated that there is no merit to appellant's first assignment of error. It is "for the jury to say whether or not under the facts and conditions ... [defendant's] negligence proximately caused the accident and alleged injures." Mooney v. Lawley, 214 So.2d 679, 680 (Miss. 1968). Conflicts in the evidence are to be resolved by the jury, Jackson v. Griffin, 390 So.2d 287, 289 (Miss. 1980); Powers v. Malley, 302 So.2d 262, 265 (Miss. 1974), and the verdict of the jury based upon conflicting evidence "will not be set aside unless it is contrary to the overwhelming weight of the evidence or it is apparent that the jury was actuated by bias, passion and prejudice." Mooney v. Lawley, supra, at 680. This Court has also recently stated that before we "can interfere with the verdict, testimony must so strongly preponderate that the Court can safely say it was overwhelmingly in favor of the appellant." Jackson v. Griffin, supra, at 289; Powers v. Malley, supra, at 265.
The evidence showed that the appellant's injuries could have been caused by previous injuries and/or underlying problems unrelated to the accident, though there was testimony to the contrary. Such a conflict in the evidence is for the jury, properly instructed, to decide. It cannot be said here that the evidence "strongly preponderates" against the jury's verdict. There is no merit to the first assignment.
As we have determined that the case must be remanded for a new trial on the issue of damages only, it is necessary that we also consider the assignments of error made by the appellees.
At the outset it must be stated that the trial court did not commit error when it granted appellant the peremptory instruction on the issue of liability. The rule is well established that when considering a request for peremptory instruction "`all evidence with reasonable inferences flowing therefrom must be accepted as true in favor of the party against whom the peremptory instruction is requested, all evidence in conflict therewith is disregarded, and, if such evidence is sufficient to support a verdict for the party against whom the peremptory instruction is requested, then it should be denied.'" Wiley v. Keen, 404 So.2d 1025, 1026 (Miss. 1981). It is a party's right to have the jury instructed on all material issues so long as those issues are presented by the pleadings and the evidence. Alley v. Praschak Machine Co., 366 So.2d 661 (Miss. 1979). The record supports the action of the trial court.
Appellee Roberts testified that on the day of the accident it was raining and the road was wet. He admitted knowing that oil rises to the surface of wet asphalt and admitted seeing the road sign that said "slippery when wet". He further stated that, while passing, he lost control of his truck.
Mississippi Code Annotated § 63-3-609 (1972) provides that "the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle." (Emphasis added). Also, Mississippi Code Annotated § 63-3-611 (1972) provides that upon overtaking a car in such a manner passing must be effectuated in such a way as to be made completely "without interfering with the safe operation of ... any vehicle overtaken." These statutes imposed upon appellee Roberts a duty of care in passing appellant. It is the duty of every driver to "see that which is in plain view, open, and apparent; to take notice of an obvious danger; and to be on the alert *420 so as to avoid a collision with objects, vehicles, and others using the highway. Moreover, it is the duty of the driver of an automobile to take reasonably proper steps to avoid an accident or injury to persons or property after having knowledge of the danger." Shideler v. Taylor, 292 So.2d 155, 156-157 (Miss. 1974). Appellee Roberts ignored the danger he knew lay ahead, and as a result lost control of his truck. The granting of the peremptory instruction was not error.
As for the trial court's failure to grant contributory negligence instructions, the only evidence that could be used to show any purported contributory negligence on the part of the appellant was her failure to apply her brakes. But, there is absolutely no evidence that had appellant applied her brakes she could have safely avoided the danger created by Roberts.
Finally, we find no merit in appellees' cross-assignment as to the hypothetical questions since they have failed to address same in their argument and brief. Nelson v. Clanton, 263 So.2d 787 (Miss. 1972).
In summary, we conclude that (1) the verdict was not against the overwhelming weight of the evidence; (2) it was not error to grant appellant a peremptory instruction as to liability; (3) no error was committed in ruling on the hypothetical questions; (4) there was no error committed in denying appellee's contributory negligence instructions; and (5) the trial court did commit reversible error in granting appellees' instruction D-11 and in not granting appellant's motion for a new trial.
We, therefore, affirm as to the question of liability and reverse and remand for a new trial on the question of damages only.
AFFIRMED AS TO LIABILITY;
REVERSED AND REMANDED ON ISSUE OF DAMAGES.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.