510 So.2d 805 (1987)
CITY OF NEW ALBANY, Mississippi
v.
Charles E. BARKLEY.
No. 56350.
Supreme Court of Mississippi.
August 5, 1987.
*806 Roger H. McMillin, Jr., Sumners, Carter, Trout & McMillin, New Albany, for appellant.
Will R. Ford, New Albany, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This case comes to us from the Circuit Court of Union County wherein we are called upon to decide whether flood damages to appellee's property during an unprecedented rainfall (seven inches in seven hours) were proximately caused by blockage of a 30-inch wide culvert located more than one-half mile from the property. We do not believe the evidence supports the verdict, even though it was sufficient to withstand a judgment notwithstanding the verdict. Therefore, we reverse and remand for a new trial.
On May 18, 1983, during extremely heavy rainfall, the motorcycle business of appellee, Charles Barkley, located on Bankhead Street in New Albany, flooded to a depth of approximately 28 to 30 inches. Other properties in this area and other areas of the city flooded also.
Troy Palmer, official keeper of records of rainfall in New Albany for the U.S. Weather Bureau, testified that the rain on the day in question was extraordinary. Approximately 7.32 inches of rain fell between 7 a.m. May 18 and 7 a.m. May 19. Most of the rain fell between the hours of 7 p.m. and 2 a.m., averaging about an inch an hour for seven hours.
Appellee discovered several days after the flood that a culvert located just over one-half mile from his property was almost completely blocked and alleges that this caused the water to be diverted onto his property.
Appellee contends that this property had not flooded before or after May 18, despite other heavy rainfall. However, there was substantial testimony  though contradicted by appellee and his wife  that neither prior nor subsequent rains were equivalent to that of May 18.
Appellee filed a complaint against the city alleging that his business was flooded and materially damaged due to the negligence of the city's agents, officers, and employees in maintaining the culvert. He sought damages for cleanup expenses, lost profits and loss or damages to real and personal property.
Appellee offered evidence that the culvert was blocked and that the city should have known it. The most damaging evidence against the city on this question was statements made by the street commissioner to the effect that he was aware of a problem with the culvert and that its cleaning helped to prevent subsequent flooding.
Another witness for the appellee, a retired flood control worker with the Soil Conservation Service, testified that it would take at least a year to accumulate the amount of silt and vegetation buildup found in the culvert.
Although the city maintains that the culvert was regularly cleaned, it cannot and does not deny the blockage during the flood. In fact, city workers removed a 30-gallon drum, a five-gallon can, a cross-tie and three or four feet of silt from the culvert after the flood.

I.
Having established unequivocally that the culvert was blocked, we now question whether or not the blockage of this 30-inch culvert located more than one-half mile from appellee's property caused the waters to enter his building.
The rule regarding proximate cause is set forth in Barkley v. Miller Transporters, Inc., 450 So.2d 416 (Miss. 1984);

*807 Under Mississippi law, negligence is not sufficient to permit recovery for injury. The injury must have been the direct result of the alleged negligence. Pargas of Taylorsville, Inc. v. Craft, 249 So.2d 403, 406 (Miss. 1971). However, a plaintiff need not rely solely upon direct evidence to prove a causal connection between negligence and injury,
But even where negligence is shown that fact alone affords no basis for the recovery of damages unless it further appears from direct evidence or reasonable inference that such negligence proximately contributed to the damage.

Tombigbee Electric Power Ass'n v. Gandy, 216 Miss. 444, 452, 62 So.2d 567, 569 (1953) (emphasis added). 450 So.2d at 418.
Appellee offered no real evidence to show that the blocked culvert was the cause of his flooding. Appellee merely asserted that since the culvert was clogged, that in itself was sufficient proof that the flood waters were thereby caused to drain onto his property.
The size of the drain opening of the culvert was about 24  30 inches. According to appellant's expert, an engineer and hydrologist, the drain had 4.91 square foot of opening available for water. He further testified the water was such that it would have required a culvert 28 times the size of the one in place to sufficiently drain the flood waters. Further the culvert in place at 100% capacity would have reduced the flood waters on appellee's property by only about one-half inch.
Appellee offered no evidence to rebut the testimony that the drainage capacity of the culvert was insufficient to prevent or significantly reduce the flooding. The appellee has failed to prove by a preponderance of the evidence  as he is required to do  that the negligence of appellant, if any, proximately caused the injuries to his property.
We see this case in much the same posture as Jesco, Inc. v. Whitehead, 451 So.2d 706 (Miss. 1984). There the Court considered the issue of causation and reversed on grounds that the verdict was contrary to the overwhelming weight of the evidence. In light of the inconclusive and undeveloped evidence in the case sub judice, we make the same finding and rule that the appellant should be granted a new trial.

II.
Appellant sought $54,187.37 in damages from the city. The jury awarded him $44,000.
Included in the amount requested and which the jury was allowed to consider was $5,000 for lost profits. The record is clear that the appellee merely surmised that this was probably the amount he lost and submitted that figure without any evidentiary basis whatsoever.
Appellee's records of profits in prior years was available but he chose not to use them because he felt they would not provide an adequate basis on which to compute his future loss of profits. He apparently chose to "guess" a number and the Court allowed him to do so.
This Court held in Sanders v. Dantzler, 375 So.2d 774 (Miss. 1979), that it is appropriate to show future loss of profit by introduction of evidence from past profits. Further, while the measure of damages need not be perfect, the most accurate and reliable evidence available should be required. Harrison v. Prather, 435 F.2d 1168, 1174 (5th Cir.1970). This Court recently addressed loss of future profits in Lovett v. Garner, 511 So.2d 1346 (1987). There the Court stated:
In calculating loss of future profits, such loss is that of net profits as opposed to gross profits. Dunn, Recovery of Damages for Lost Profits 3d, § 6.1 (1987); see also Cook Industries, Inc. v. Carlson, 334 F. Supp. 809, 816 (N.D.Miss. 1971). To ascertain net profits, a party must deduct such items as overhead, depreciation, taxes and inflation. Dunn, § 6.4  6.9. Further, future profits should always be discounted at an appropriate rate to arrive at present value. Dunn, § 6.14. And, finally the plaintiff *808 must mitigate damages if he is able to do so. Dunn, § 6.19.
Clearly, by appellee's own admission, the estimated loss in the case sub judice was based solely on speculation and conjecture. Under the circumstances, the issue of lost profits should not have been submitted to the jury.
At trial, appellee sought to introduce a list or summary of items lost or damaged due to the flood, along with the fair market value before and after, as well as replacement costs in some instances. The court disallowed introduction of this summary into evidence, but ruled the appellee could testify regarding the items on it. Appellee did testify regarding the loss/damage to some items, but not all, and summarily stated the losses equalled $34,187.37.
The plaintiff carries the burden of proof as to the amount of the damages. Harper v. Hudson, 418 So.2d 54 (Miss. 1982). This Court has held "... a reasonable basis for computation and the best evidence which is obtainable under the circumstances of the case, and which will enable the trier to arrive at a fair approximate estimate of loss is sufficient proof." Koehring Co. v. Hyde Constr. Co., 254 Miss. 214, 178 So.2d 838, 853 (1965). The appellee admitted in a number of instances that costs assessed to some of the items were "arbitrarily" chosen.
Moreover, while appellee established some of the damage by his own experience and some by outside appraisers, there was a significant number of items for which he claimed damages that were not even listed for the jury.
As we reverse for a new trial, we presume that the deficiencies in the proof of damages will not recur.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.