GRIFFIS, P.J.,
CONCURRING IN PART AND DISSENTING IN PART:
¶ 14. I concur with the majority as to Issues I, II, and III. I agree that there was evidence to support the trial court’s decision to conclude that service of process was not sufficient.
¶ 15. I dissent as to Issue IV. I am of the opinion that the trial judge did not abuse his discretion when he found good cause did not exist for the failure to serve the defendants within 120 days. Indeed, I find that this issue has been waived because it was not presented to the trial court. Accordingly, I would affirm as to Issue IV.
¶ 16. Lewis’s failure to argue this issue before the trial court is a procedural bar from our review here. In Chantey Music Publishing., Inc. v. Mataco, Inc., 915 So.2d 1052, 1060 (¶ 28) (Miss.2005), the supreme court reasoned:
In Southern v. Mississippi State [Hospital], 853 So.2d 1212 (Miss.2003), we reiterated the important procedural tenet that “a trial judge cannot be put in error on a matter not presented to him.” Id. at 1214—15[;] see Mills v. Nichols, 467 So.2d 924, 931 (Miss.1985)[.] Precedent mandates that this Court not entertain arguments made for the first time on appeal as the case must be decided on the facts contained in the record and not on assertions in the briefs. Parker v. Miss. Game & Fish Comm’n, 555 So.2d 725, 730 (Miss.1989)(citing Britt v. State, 520 So.2d 1377, 1379 (Miss.1988); Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973)). Stated clearly, “it is an elementary and familiar rule that we sit to review actions of the lower courts, and we will not undertake to consider matters which do not appear of record in the lower court, absent unusual circumstances.” Cossitt v. Federated Guar. Mut. Ins. Co., 541 So.2d 436, 446 (Miss.1989)(citing Educ[.] Placement Servs. v. Wilson, 487 So.2d 1316, 1320 (Miss.1986)).
¶ 17. This Court’s failure to follow this elementary principle of appellate review in *683 Spurgeon v. Egger, 989 So.2d 901, 906 (¶ 18), 908 (¶ 27) (Miss.Ct.App.2007), does not change the law. It only means that this Court may have erred in Spurgeon.
¶ 18. We must follow the supreme court’s holding that arguments presented for the first time on appeal are waived. Chantey Music Publ’g, 915 So.2d at 1060 (¶ 28). I am of the opinion that this issue was waived by the failure to present the issue to the trial court. For this reason, I would affirm as to Issue IV.
CARLTON, J., JOINS THIS OPINION. BARNES, J., JOINS THIS OPINION IN PART.