C. & R. STORES, INC., *v.* SCARBOROUGH.

(Division B. June 10, 1940. Suggestion of Error Overruled Sept. 4, 1940.)

[196 So. 650. No. 34179.]

Heidelberg & Roberts, of Hattiesburg, and **Parker &
Morse**, of Poplarville, for appellant.

874

**J. E. Stockstill,** of Picayune, and **Hathorn & Williams,** of Poplarville, for appellee.

Argued orally by **M. M. Roberts** and **H. H. Parker,** for appellant, and by **F. C. Hathorn** and **E. B. Williams,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Pearl River County awarding Mrs. Elois Scarborough

$3,000 for injuries sustained by a fall in the store of the appellant, on the theory that appellant negligently. permitted the floor of his store, to which the public was invited, to become wet and slippery so as to endanger persons having business in the store. Mrs. Scarborough claims to have fallen and received serious injuries on account of said condition of the floor, resulting in much suffering and a miscarriage.

The testimony in the case is quite voluminous, but that of the plaintiff showed, if believed, the condition of the floor to be wet, slippery and therefore dangerous; also, that she was in the store purchasing articles desired when she fell, and was injured, as above stated. There was conflict in the evidence, as is usual in such cases, but there was ample evidence for the appellee to establish negligence, and the injury; and the question of fact so presented was one for the jury and the trial court, and is not one for the appellate court. All conflicts in evidence, credibility of witnesses, and questions of impeachment of witnesses, are within the province of the jury in the trial court. It is for the jury to say whether the witness testifying, whose testimony of itself is not unreasonable, has told the truth about the matter, although there may be evidence that such witness is unworthy of belief. The production of testimony that the witness's reputation for truth and veracity is bad in the community in which he lives does not, of itself, destroy such testimony, but merely affords a basis for the jury's belief or disbelief. If they think it is worthy of belief, in the light of such convincing testimony, the jury may accept the evidence if they believe it to be true regardless of the fact that the witness's reputation for truth and veracity in the community may not be good. In the case here, there was testimony, other than that given by the impeached witnesses, which corroborated the testimony of the appellee and her husband.

We have carefully examined the instructions and think that, considering it altogether, they announced the rules

of law applicable to the case, and we find no error in the giving or refusing of such instructions. It is manifest from the testimony given by the appellee, if true, that the verdict is not excessive.

We find no reversible error in the case, and judgment is affirmed.

Affirmed.