STRAIGHT *v.* BRINSON

No. 42577          February 11, 1963          149 So. 2d 515

*Tonsmeire & Mannino*, Biloxi, for appellant.

*P. D. Greaves*, Gulfport, for appellee.

RODGERS, J.

This is a suit for damages alleged to have been caused by the collision of two automobiles at a street intersection in the City of Biloxi, Mississippi. The jury returned a verdict in favor of defendant and plaintiff has appealed to this Court from the judgment of the Circuit Court of the Second Judicial District of Harrison County, Mississippi.

Appellant complains that the verdict of the jury was contrary to the overwhelming weight of the evidence and evinces bias and prejudice.

(Hn 1) The evidence in this case presents a typical issue of fact for the jury, as to who caused the accident at a street intersection. The testimony was conflicting as to the proximate cause of the accident. The question as to whether or not appellee negligently entered the intersection without looking to the right, or whether or not appellant was traveling at a greater rate of speed than he admitted, as indicated by the skidmark, was the issue to be determined by the jury.

(Hn 2) Members of this Court, from time to time, may not agree with the finding of a jury on issues of fact; nevertheless, the jury is the judge of the weight and worth of the evidence, and unless the verdict is manifestly erroneous, or it is apparent that the jury was actuated by passion, prejudice or corruption, the verdict of the jury on the issue of fact will be sustained. Faulkner v. Middleton, 186 Miss. 355, 188 So. 565, Suggestion of Error, 190 So. 910; C. & R. Stores, Inc. v. Scarborough, 189 Miss. 872, 196 So. 650; Kelly v. State, 239 Miss. 705, 124 So. 2d 844.

The jury resolved the issue of fact in favor of appellee in the instant case, and since there was ample evidence in the record on which the jury could have based its verdict, we are of the opinion that it should be sustained. The judgment of the trial court is therefore affirmed.

Affirmed.

*Lee, P. J., and Kyle, Arrington and Ethridge, JJ.,* concur.