**Nell DOGAN, Conservator of the Estate of Byrd T. Houston, Plaintiff,**

v.

**Norris HARDY and Groendyke, Inc., Defendants.**

**No. DC82–193–LS.**

United States District Court, N.D. Mississippi, Delta Division.

June 29, 1984.

---

**6.** As to this instruction, see *U.S. v. DeWolf*, 696 F.2d 1 (1st Cir.1982), and cases cited therein.

George P. Cossar, Jr., Cossar & Cossar, Charleston, Miss., William Liston, Liston,

Gibson & Lancaster, Winona, Miss., for plaintiff.

Arnold F. Gwin, Caroline R. Moore, Greenwood, Miss., for defendants.

## MEMORANDUM OPINION

SENTER, Chief Judge.

This cause is before the court following a nonjury trial. The court, having carefully considered the evidence admitted at trial and the memoranda submitted by the parties, is now in a position to rule on this matter.

Jurisdiction of this court is based on 28 U.S.C. § 1332, the citizenship of the parties being diverse and the amount in controversy being in excess of $10,000.00, exclusive of interest and costs. The substantive law of Mississippi is, of course, to be applied.

Plaintiff, as conservator of the estate of Byrd T. Houston, has sued for personal injuries sustained by her ward as a result of a motor vehicular accident which occurred at approximately 2:50 p.m. on May 11, 1982, at the intersection of Tillatoba Road and Interstate 55 in Yalobusha County, Mississippi.

During the course of trial, two evidentiary rulings were reserved. Plaintiff objected to Mississippi Highway Patrolman A.C. Hankins' opinion that the car hit the rear tandem wheels on the truck. This objection must be overruled. His opinion is admissible under Rule 701 of the Federal Rules of Evidence as the opinion of a lay witness, and the court can give whatever weight and credibility to his opinion as is due. Defendant objected to the hearsay statement in regard to what Mrs. Byrd Houston told the plaintiff in the hospital after the accident. Plaintiff contends that this statement falls within the hearsay exception found in Rule 804(b)(5). However, the interests of justice will not best be served by the admission of this statement. It is a self serving statement, and the objection must be sustained.

On the day of the accident, Mrs. Houston was driving her 1977 Buick in an easterly direction at forty-five to fifty miles per hour on Tillatoba Road approaching the intersection of said road with Interstate 55. At this point, Tillatoba Road runs in a general east-west direction and Interstate 55 runs in a general north-south direction. An exit ramp for southbound traffic on Interstate 55 permits access to Tillatoba Road on the west side of the highway, and an entrance ramp located at the south side of Tillatoba Road provides an entrance to the Interstate from the road. Sometime prior to the accident, Defendant Hardy had been operating his motor vehicle consisting of a tractor and tanker trailer in a southerly direction over Interstate 55 north of the intersection and had driven onto the exit ramp for southbound traffic. At this intersection, Tillatoba Road is a through, or favored, road, and traffic on the southbound exit ramp is controlled by a stop sign. Defendant Hardy stopped his vehicle at this stop sign and then proceeded to drive into Tillatoba Road toward the entrance ramp to Interstate 55. The two vehicles collided in the eastbound lane of Tillatoba Road. When the vehicles came to a rest, the tractor unit of the truck had jackknifed to the right, and the car was near the rear tandem wheels of the trailer.

Plaintiff contends that Mrs. Houston's car hit at or near the rear tractor tandem wheels indicating that the truck had just entered the intersection when the car approached. Defendants maintain that the left front of the car collided with the rear trailer tandem wheels. They claim that this shows the truck exiting the intersection and Mrs. Houston was negligent, or at least contributorily negligent, in this accident.

The evidence in this case overwhelmingly preponderates in favor of the view that Mrs. Houston struck the rear tractor tandem wheels. Expert testimony reveals that the truck could not have jackknifed to the right if the car had hit the rear tandem wheels. Furthermore, the car was damaged on both sides in the front. If the car had hit the rear tandem in the manner the defendants contend, the car would not have sustained the damage that it did on the

right side. The evidence is clear and the court finds that the car hit the truck at or near the rear tandem wheels of the tractor.

Miss.Code Ann. § 63–3–805 provides in pertinent part that a driver of a vehicle must stop in obedience to a stop sign and then "proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard...." Thus, the issue here is whether Mrs. Houston was within the intersection or was approaching so closely as to constitute an immediate hazard.

■■■ § 63–3–805 as interpreted by the Mississippi Supreme Court requires that a motorist on an unfavored street must stop at the stop sign and look at the intersection of a highway with a through highway. *Avent v. Tucker*, 188 Miss. 207, 194 So. 596 (1940). Having stopped, the motorist is required to continue to exercise ordinary care and diligence by proceeding cautiously and yielding to vehicles not obligated to stop for the intersection which are within the intersection or approaching so close thereto as to constitute an immediate hazard. *Campbell v. Schmidt*, 195 So.2d 87 (Miss.1967). Failure to continue to look for approaching vehicles after once stopping constitutes negligence on the part of the unfavored motorist. *Wells v. Bennett*, 229 Miss. 135, 90 So.2d 199 (1956). Further, a motorist who claims to have looked but failed to see vehicles in the intersection or approaching so closely as to constitute an immediate hazard is guilty of negligence as a matter of law under the substantive law of Mississippi. *Walton v. Owens*, 244 F.2d 383 (5th Cir.1957).

■■■ The evidence shows that Hardy either failed to maintain a continuous lookout or failed to see what he should have seen. In either event, under Mississippi law, he was guilty of negligence in proceeding into the intersection under the circumstances reflected by the evidence in this case.

The physical evidence conclusively reveals that Mrs. Houston did not have time to react to the encroachment of Hardy into the intersection. At an assumed speed of fifty miles per hour, she had less than two seconds to react; and at forty miles per hour, she had less than three seconds. Clearly, her approaching vehicle constituted an immediate hazard and she was not guilty of any contributory negligence. The evidence shows and the court finds that the sole proximate cause of the collision was the negligence of Hardy.

Defendant Groendyke, Inc., admits that Hardy was its employee and was acting within the scope of his employment. Groendyke, Inc., is, of course, liable for the negligence of its employee under the doctrine of *respondeat superior*. *Mississippi Power and Light v. Laney*, 247 Miss. 71, 154 So.2d 128 (1963).

■■■ Damages for personal injuries are not set by any fixed rule and rest largely within the discretion and judgment of the trier of fact. However, this discretion must be exercised reasonably and intelligently to the end that the plaintiff may recover reasonable compensation for the loss sustained. *Kinnard v. Martin*, 223 So.2d 300 (Miss.1969). Some of the factors which the trier of fact may take into consideration in arriving at reasonable compensation for losses occasioned because of personal injuries are: reasonable medical expenses incurred and those that are reasonably certain to be incurred in the future; the amount, type, and duration of injuries and the effect they have on the quality of life expected to be enjoyed by the plaintiff; mental and physical pain; present and future impairment; and the effect the injuries have on earning capacity. *Id.*

At the time of the collision, Mrs. Houston was eighty-five years of age and had a life expectancy of 6.7 years. She was active and alert prior to the collision, able to be gainfully employed, live alone, care for herself, and drive an automobile. She was exceptionally healthy for an eighty-five year old female. This fact was graphically displayed in the video tape presentation to the court showing Mrs. Houston prior to the accident celebrating her eighty-fifth

birthday with her children and grandchildren and, indeed, doing the cooking herself and devoting a great deal of love and attention to her relatives. This same video tape presentation showed Mrs. Houston after this unfortunate accident. Now, she is virtually relegated on a full-time basis to a wheelchair. She suffers and will continue to suffer severe mental depression because of the loss of her enjoyment of life brought about by the injuries she sustained in this collision. This court is cognizant that Mrs. Houston was eighty-five years of age at the time of this collision, but we are also mindful of the fact that she had the right to enjoy fully the remainder of her life without the unfortunate intervention of the injuries she sustained in this accident.

The sum of $211,398.57 has been expended up to March 1, 1984, for health care services. This sum is reasonable and is necessary due to the injuries sustained as a result of the collision. Drug and doctor bills are averaging $400.00 per month, and these expenditures will continue during the remainder of Mrs. Houston's lifetime. These expenses are reasonable and are necessary due to the injuries incurred. Full time care is being provided, is necessary, and will continue to be necessary during the remainder of Mrs. Houston's lifetime. The evidence establishes that as a result of the injuries incurred, she cannot drive and cannot care for herself. The cost of this custodial care is $2,500.00 per month and will continue for approximately fifty-two months. A review of the evidence thus establishes that past and future, reasonable and necessary medical expenses total $362,198.57.

Mrs. Houston has sustained numerous, severe, and permanent injuries as a result of the collision. Chief among these are the loss of mobility, loss of hearing, and the inability to tend to everyday meals. Prior to the accident, she was very active in social, civic, and church activities. Now she is a virtual prisoner to her infirmities. Additionally, she has endured a great deal of pain as a result of her injuries. She will continue to suffer pain and discomfort in the future. The evidence shows and the court finds that the plaintiff is entitled to $194,301.43 to compensate her for the pain, suffering, and the loss in the quality of life plaintiff's ward has and will continue to have as a result of defendants' negligence.

Mrs. Houston was a very active lady prior to this accident. She was not only well able to care for her own business affairs, but she held a part-time job as a saleslady in a local store. As a result of the injuries she sustained in this collision and the physical and mental damage to her, she is dependent upon her court-appointed conservator, Nell Dogan, to manage her business affairs and make all arrangements, including transportation, for the around-the-clock nursing care which Mrs. Houston requires. This dependence upon a conservator is a direct result of the injuries she suffered in this collision, and we find that a fair allowance for all of the many services which the proof shows have been and are being rendered by the conservator from the date of Mrs. Houston's discharge from the hospital is $500.00 per month. Additionally, this conservatorship must be administered through the chancery court and, as a result, there will be future expenses consisting of attorney's fees and court costs accruing each year. This conservatorship will cost approximately $500.00 per year. As a result, the total sum of $43,500.00 is a reasonable allotment for past, present, and future costs of maintaining a conservatorship through the chancery court for Mrs. Houston.

In summary, we find that plaintiff is entitled to judgment against the defendants in the sum of $600,000.00 to compensate her for the damages she sustained as a result of the negligence of these defendants on the occasion in question. A judgment conforming to this opinion will be entered.