BRIDGES, J.,
for the Court.
¶ 1. Kim Phan received injuries after a November 18, 2002 car accident with the defendants Joshua Denley’s and Pinkard & Son Trucking’s tractor trailer in Attala County. On March 24, 2004, an Attala County jury rendered a verdict for the defendants. Phan appeals this verdict challenging (1) the trial court’s denial of post trial motions, (2) that the verdict is against the weight of the evidence, and (3) the denial of two jury instructions.
STATEMENT OF FACTS
¶ 2. Kim Phan testified that she left Dallas, Texas for Columbus, Mississippi sometime between five and six on November 17, 2002. She also noted that she stopped often to ask for directions, eat and rest when necessary. In the early morning of November 12, Phan drove her 1997 Plymouth Grand Voyager van on Highway 12 near Ethel.
¶ 3. Joshua Denley testified that on the same morning he woke up at 3:30 a.m. and went to Pinkard & Son Trucking in Ethel in order to transport a load of foam insulation to Pearlington, Mississippi. He also testified that he performed a full 103 point inspection of his 1997 International tractor trailer that complied with the regulations of the U.S. Department of Transportation. This inspection showed that all of his lights and reflectors worked. He left Pinkard & Sons on Business Highway 12 and traveled to where it connects to Highway 12.
¶ 4. Where Business 12 and Highway 12 intersect, a motorist has two options of which entrance to use to get onto Highway 12. Testimony described one entrance as perpendicular and the other as more of a merge-type entrance. Denley testified that he chose the merge-type and stopped at the stop sign before pulling out into Highway 12.
*506 ¶ 5. As Denley made his turn, the accident occurred when Phan’s van hit the rear tandem tires of Denley’s trailer. Denley testified that he could not see any vehicles coming from either direction when he began to make his turn. After starting to turn he noticed headlights coming towards him and testified that the car made no attempt to slow down'. According to Phan, at the time she was driving 50 miles per hour in the 55 miles per hour zone because she worried that deer might be in the road. She further testified that the wreck happened too fast and she did not have time to stop her vehicle. Mississippi Highway Patrolman Billy Halderman responded to the accident and testified that the van hit the rear tires of the trailer. Halderman also testified that a truck could legally turn onto the highway from either entrance but that the perpendicular entrance had more visibility of the highway.
¶ 6. Each side presented accident reconstruction experts to testify. Denley and Pinkard & Sons presented James Hannah who calculated a perception and reaction time. According to Hannah’s opinion, Phan had the opportunity to stop her vehicle in time to avoid the accident and Phan had the ability to stop even if she were driving 70 miles an hour. He also testified that the evidence showed that Phan did not brake her vehicle prior to the accident.
¶ 7. George Rivers offered his expert opinion on behalf of Phan and argued that Denley could not make the turn from a full stop without cheating into the other lane. He also felt that Denley had the ability to avoid the accident since he should have seen Phan before making his turn. He also expressed his opinion that the visibility of the cut-through entrance presented a more prudent alternative to the merging entrance.
¶ 8. The Attala County jury found for Denley and Pinkard & Sons Trucking. jointly severally, and individually. It also found from the preponderance of the evidence that the negligence of Kim Phan was the sole proximate cause of her injuries. Further, the jury did not present Phan with any recovery. The trial court also denied Phan’s motion for judgment notwithstanding the verdict or in the alternative for a new trial. The trial court denied the motion for untimeliness and on the merits.
ANALYSIS
I.
¶ 9. Phan’s first assignment of error concerns the trial judge’s denial of the post trial motions. Motions for a judgment notwithstanding the verdict require the court to “consider the evidence in the light most favorable to the non-moving party, and if the facts are so overwhelmingly in favor of the moving party that a reasonable juror could not have agreed with the verdict at hand, we must reverse.” McKenzie v. Supervalu, Inc., 883 So.2d 1188, 1192(¶ 17) (Miss.Ct.App.2004), citing Sperry-New Holland v. Prestage, 617 So.2d 248, 252 (Miss.1993). “In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.” Wal-Mart Stores v. Frierson, 818 So.2d 1135, 1143(¶ 16) (Miss.2002).
¶ 10. The jury had the opportunity to hear both drivers and both experts and weight their testimony accordingly. This testimony gave the jury enough evidence *507 to render a verdict for Denley. Taking the verdict of the jury in the light most favorable to the non-moving party shows no indication of error on behalf of the trial court.
II.
¶ 11. Phan next contends that the jury entered a verdict against the weight of the evidence. Phan bases this on Mississippi Code Annotated § 63-3-805, Vehicle Entering Through Highway, which states, “The driver of a vehicle shall stop as required by this chapter at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection.... ” Phan argues that Denley had the duty to look for approaching vehicles, could have seen her, and thus should have yielded. She based this on her expert, Mr. River’s, opinion that Denley could see someone coming from the intersection and from Patrolman Halderman’s testimony that someone could see for a quarter-mile from the intersection. She also argues that if Denley stopped and looked both ways as he testified then he had the opportunity to see Phan’s vehicle coming.
¶ 12. Phan cites to Dogan v. Hardy, 587 F.Supp. 967, 970 (N.D.Miss.1984) to say, “Further, a motorist who claims to have looked but failed to see vehicles in the intersection or approaching so closely as to constitute an immediate hazard is guilty of negligence as a matter of law under the substantive law of Mississippi.” Similarly, the Dogan case involved a tractor trailer and a motor vehicle colliding at an intersection. However, the evidence overwhelmingly showed that the collision occurred just as the tractor trailer entered the intersection so that the plaintiff did not have time to react, which seems to be contrary to what the jury in the present case found.
¶ 13. Denley argues that at best this presented a typical fact question that a jury must decide. Accordingly, the jury had to decide the proximate cause of this accident. Denley cites “Mills v. Nichols, 467 So.2d 924, 931 (Miss.1985), which also involved a motor vehicle accident between a tractor trailer pulling onto a highway and another car. “The evidence at trial concerning the manner in which the accident occurred was sharply conflicting. The physical evidence, skidmarks and damages to the truck, support Mills’ contention .... This is a classic jury question of fact.” Denley argues that the jury weighed the evidence and ruled accordingly. “The jury resolved the issue of fact in favor of appellee in the instant case, and since there was ample evidence in the record on which the jury could have based its verdict, we are of the opinion that it should be sustained.” Straight v. Brinson, 246 Miss. 132, 149 So.2d 515, 516 (1963). Similarly, the record show substantial evidence that a the jury could reasonably base this verdict on.
III.
¶ 14. Lastly, Phan argues that the trial court improperly denied two of her jury instructions. “In determining whether reversible error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.” Whitten v. Cox, 799 So.2d 1, 16(¶ 39) (Miss.2000).
¶ 15. The first instruction asked the jury to find for Phan if Denley acted negligently in choosing the merge entrance over the perpendicular entrance. The second instructed the jury that Phan did not have a duty to stop at the intersection nor did she have a duty to avoid a collision. *508 The judge denied the instruction since the case law did not support a concept that Denley had a duty to choose the safest route and thus not a proper statement of the law. He denied the other instruction as not a correct statement of the law. Phan argues that this kept her from presenting her theory of the case.
¶ 16. Phan argues that just because Denley could legally turn does not mean the turn was reasonably prudent. Phan also argues that the court acted as the fact finder by deciding that Denley had already committed to making his turn when denying the second instruction. Phan cites to Crossley v. James, 365 So.2d 957, 958 (Miss.1978) to say, “The instructions place upon appellant a greater burden than the law imposes, viz, the burden of avoiding the collision.”
¶ 17. The trial court correctly states that no case or statutory law exists that requires someone to choose a safer turn. Accordingly, the trial court did not act erroneously by denying the first jury instruction.
¶ 18. Also, Mississippi Code Annotated § 63-3-805 notes that, “However, said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.” Thus, leaving out the second jury instruction did not create an additional burden on Phan since other instructions correctly instructed that if the evidence showed that Phan had entered the intersection or was approaching so close to the intersection so as to constitute an immediate hazard, then Denley had the duty to remain stopped and yield. The trial court correctly denied the other jury instruction since it did not accurately state the law.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.